

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 28, 1961

Honorable V. D. Housworth
Executive Director
State Board of Barber Examiners
State Office Building
Austin, Texas

Opinion No. WW-1202

Re: Construction of Section
9 (f) of the Texas
Barber Law regarding
the "five years expe-
rience" provision.

Dear Mr. Housworth:

Your recent opinion request propounds the
following questions:

"We would like clarification on whether
of not the five years experience must be had
under a Registered Class "A" license, or if
it could be a combination of practice as an
Assistant barber license, and a Registered
Class "A" license.

"Would the five years experience as a
practicing barber have to be had in Texas,
or could experience as a licensed practicing
barber in another state be accepted?"

Section 9 (f) of Article 734a Vernon's Penal
Code added to House Bill No. 829, 57th Legislature, Regular
Session, Chapter 287 page 602 reads in part as follows:

"No barber school or college which issues
'Class A' certificates shall be approved by the
Board unless it is under the direct supervision
and control of a barber who holds a current
registered 'Class A' certificate to practice
barbering under the Texas Barber Law, and who
can show evidence of at least five (5) years
experience as a practicing barber . . ."

We believe that the answer to your first question is found in Section 4 of Article 734a, Vernon's Penal Code, which reads in part as follows:

". . .the practice of barbering is hereby defined to be the following practices for hire or reward . . ."

(a) Shaving or trimming the beard or cutting the hair.

(b) By giving any of the following treatments by any person engaged in shaving or trimming the beard and/or cutting the hair;

"(1) Giving facial and scalp massages, or applications or oils, creams, lotions, or other preparations, either by hand or electrical appliances;

" (2) Singeing, shampooing, or dyeing the hair or applying hair tonics;

"(3) Applying cosmetic preparations, antiseptics, powders, oils, clays, or lotions to the scalp, face, neck, or that part of the body above the shoulders."

It is apparent that one with an assistant barber license may perform the acts enumerated in Section 4. Section 5 of Article 734, Vernon's Penal Code specifically authorizes assistant barbers to do the acts constituting the practice of barbering under the immediate supervision of a registered barber. The fact that an assistant barber must practice under the immediate supervision of a registered barber does not, in our view, prevent such experience from satisfying the five (5) year experience requirement of Section 9 (f).

In connection with your second question, it is our opinion that our-of-state barbering experience, as defined by Section 4 of the Texas Barber Law, may be applied to satisfy the five (5) year barber experience requirement in question. Our reason for this view is simply that there is no indication in Section 9 (f) that the Texas Legislature intended to require that the experience requirement in

question be satisfied only by experience acquired in Texas.

### S U M M A R Y

Barber experience had under an assistant barber license may be applied to satisfy the five (5) year experience requirement in question. Out-of-state experience as a practicing barber may be applied to the satisfaction of said requirements.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Joe B. McMaster
Assistant

JBMcM:kh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon Cass
Jack Price
Norman Suarez
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee